IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATE OF AMERICA,<br><br>　　　　　Plaintiff/Respondent,<br><br>　　v.<br><br>BERNEST COLLINS,<br><br>　　　　　Defendant/Petitioner.　　　／ | No. CR 84-0104-1 SI<br>No. C 97-1854 SI<br><br>**ORDER DENYING MOTION** |

　　　　Bernest Collins has filed a Motion to Correct a Constitutionally Illegal Sentence pursuant to rule 35(A). He argues that it was unconstitutional for the district court to sentence him to serve 80 years after he was convicted of one count of conspiracy and nine separate counts of armed bank robbery. He argues that the maximum statutory sentence for armed bank robbery was twenty-five years, and that twenty-five years is the total maximum sentence that was permitted no matter how many separate counts he was convicted of, and that the district court did not have the discretion to sentence him to consecutive rather than concurrent terms. In particular, he argues that the rule of lenity requires the Court to substitute the word "all" for the word "any" in 18 U.S.C. § 2113(d), which he then argues would mean that twenty-five years is the maximum possible sentence no matter how many armed bank robberies he commits.[1]

　　　　Collins raised a nearly identical argument over ten years ago, when he argued his sentencing

---

[1] The relevant portion of the text of Section 2113(d) was the same when Collins committed his crimes as it is today: "Whoever, in committing, or in attempting to commit, any offense defined in subsections (a) and (b) of this section, assaults any person, or puts in jeopardy the life of any person by the use of a dangerous weapon or device, shall be fined . . . or imprisoned not more than twenty-five years, or both."

counsel failed to provide effective assistance because he failed to object to what Collins called an "illegally imposed eighty year sentence." The Court denies this motion for the same reasons that it denied the motion in 1999. *See* Doc. 352.

In 1962, the Ninth Circuit squarely held that a separate consecutive sentence may be imposed for each offense unless precluded by the particular statute defining the substantive offense; that the power to impose consecutive sentences is inherent in the sentencing court; and that the bank robbery and conspiracy statutes under which Collins was convicted did not preclude separate and consecutive sentences. *See Hill v. United States*, 306 F.2d 245, 247 (9th Cir. 1962). This was still good law when Collins was sentenced. While Collins did receive consecutive sentences on some counts of his conviction, this was not unconstitutional, illegal, or otherwise an abuse of discretion: nothing in the conspiracy and bank robbery statutes precluded the district court from sentencing Collins to separate consecutive sentences, and none of the sentences imposed by the district court exceeded the statutory limits for armed bank robbery and conspiracy. The statutes are not ambiguous, and substituting the word "all" for the word "any" in 18 U.S.C. § 2113(d) would not change this result.

Collins' motion is DENIED. (Doc. 396.)

**IT IS SO ORDERED.**

Dated: June 23, 2011

SUSAN ILLSTON
United States District Judge

2