IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

    Plaintiff/Respondent,

v.

BERNEST COLLINS,

    Defendant/Petitioner.

No. CR 84-00104-1 SI
No. C 97-1854 SI

**ORDER DENYING MOTION FOR RECONSIDERATION**

On June 23, 2011, the Court issued an order denying defendant Bernest Collins' Motion to Correct a Constitutionally Illegal Sentence Pursuant to Rule 35(A). Doc. 400. Collins had argued in his motion that it was unconstitutional for the district court to sentence him to serve 80 years after he was convicted of one count of conspiracy and nine separate counts of armed bank robbery. Collins argued that the sentencing court did not have authority under the relevant statute[1] to sentence him to consecutive sentences, and that instead, the rule of lenity requires that the statutory maximum of 25 years applies to his conviction no matter how many armed bank robberies he commits. *See id.* at 1. The Court rejected that argument, noting that in 1962, the Ninth Circuit "squarely held that a separate consecutive sentence may be imposed for each offense unless precluded by the particular statute defining the substantive offense; that the power to impose consecutive sentences is inherent in the sentencing court; and that the bank robbery and conspiracy statutes under which Collins was convicted

---

[1] Collins was convicted under 18 U.S.C. § 2113(d), which provides that: "Whoever, in committing, or in attempting to commit, any offense defined in subsections (a) and (b) of this section, assaults any person, or puts in jeopardy the life of any person by the use of a dangerous weapon or device, shall be fined . . . or imprisoned not more than twenty-five years, or both." Collins argued that the rule of lenity requires the Court to substitute the word "all" for the word "any."

did not preclude separate and consecutive sentences." *Id.*, *citing Hill v. United States*, 306 F.2d 245, 247 (9th Cir. 1962).

On January 13, 2012, Collins filed a document titled "Response to Document #400 (Denial Order) In Matter of Pre-SRA of 1984 Rule 35(a) Motion to Correct Sentence." Though not so titled, it is essentially a motion for reconsideration of the Court's June 23rd Order. Motions for reconsideration are governed by Fed. R. Civ. P. 60(b). Rule 60(b) provides for reconsideration where one or more of the following is shown: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence that by due diligence could not have been discovered before the court's decision; (3) fraud by the adverse party; (4) voiding of the judgment; (5) satisfaction of the judgment; (6) any other reason justifying relief. *See* Fed. R. Civ. P. 60(b); *School Dist. 1J v. ACandS Inc.*, 5 F.3d 1255, 1263 (9th Cir.1993). Although couched in broad terms, subparagraph (6) requires a showing that the grounds justifying relief are extraordinary. *See Twentieth Century-Fox Film Corp. v. Dunnahoo*, 637 F.2d 1338, 1341 (9th Cir. 1981). Here, Collins' request contains no showing of newly-discovered evidence, nor does it set forth any mistake, inadvertence, surprise, excusable neglect, fraud by the adverse party, or voiding of the judgment; Collins offers no other reason justifying relief. Instead, Collins reiterates arguments already made in the denied motion. Accordingly, the motion for reconsideration is hereby DENIED.

**IT IS SO ORDERED.**

Dated: July 9, 2012

SUSAN ILLSTON
United States District Judge

2