UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>             Plaintiff/Respondent,<br><br>       v.<br><br>BERNEST COLLINS,<br><br>             Defendant/Petitioner. | Case Nos.     84-cr-00104-SI-1<br>                        97-cv-01854-SI<br><br>**ORDER DENYING DEFENDANT'S MOTION FOR A REDUCTION OF SENTENCE**<br><br>Re: Dkt. Nos. 410, 411 |

Before the Court is defendant Bernest Collins's motion for a reduction of sentence. *See* Dkts. 410, 411. Collins argues that it was unconstitutional for the original sentencing court to sentence him to an 80-year term after he was convicted of one count of conspiracy and nine separate counts of armed bank robbery. Dkt. 410 at 1, 5. He argues that the maximum statutory sentence for armed bank robbery was 25 years, that 25 years is the total maximum sentence that was permitted no matter how many separate counts he was convicted of, and that the district court did not have the discretion to sentence him to consecutive rather than concurrent terms. *See* Dkt. 396. In particular, he argues that the rule of lenity requires this Court to substitute the word "all" for the word "any" in 18 U.S.C. § 2113(d); Collins argues that this word change would mandate a 25-year maximum possible sentence.[1] Dkt. 396 at 1-2; Dkt. 410 at 1, 5.

Collins raised a nearly identical argument in 1999 (Dkt. 352), when he argued that his sentencing counsel failed to provide effective assistance because he failed to object to what Collins called an "illegally imposed eighty year sentence." More recently, in 2011 (Dkt. 396),

---

[1] The relevant portion of the text of 18 U.S.C. § 2113(d) reads: "Whoever, in committing, or in attempting to commit, any offense defined in subsections (a) and (b) of this section, assaults any person, or puts in jeopardy the life of any person by the use of a dangerous weapon or device, shall be fined . . . or imprisoned not more than twenty-five years, or both."

Collins raised this same argument and further contended that his consecutive maximum statutory 80-year sentence, "although within statutory limitations, was . . . obvious[ly] unconstitutional." Dkt. 396-6. When this Court denied his 2011 motion on June 23, 2011 (Dkt. 400), Collins filed a motion for reconsideration of this Court's June 23rd Order in 2012 (Dkt. 406), again making nearly identical arguments. This Court denied Collins's 2012 motion for reconsideration because "Collins reiterate[d] arguments already made in the denied [2011] motion." Dkt. 407-2. Now, the Court denies the present motion for the same reasons that it denied the motion in 1999 and 2011. *See* Dkts. 352, 400.

In 1962, the Ninth Circuit squarely held that a separate consecutive sentence may be imposed for each offense unless precluded by the particular statute defining the substantive offense; that the power to impose consecutive sentences is inherent in the sentencing court; and that the bank robbery and conspiracy statutes under which Collins was convicted did not preclude separate and consecutive sentences. *See Hill v. United States*, 306 F.2d 245, 247 (9th Cir. 1962). This was the law when Collins was sentenced, and it continues to be the law.

Collins's sentence was not unconstitutional, illegal, or otherwise an abuse of discretion: nothing in the conspiracy and bank robbery statutes prevented the district court from sentencing Collins to separate consecutive sentences, and none of the sentences imposed by the district court exceeded the statutory limits for armed bank robbery and conspiracy. The statutes are not ambiguous, and substituting the word "all" for the word "any" in 18 U.S.C. § 2113(d) would not change this result.

Collins's motion is therefore **DENIED**.

**IT IS SO ORDERED.**

Dated: November 30, 2015

_____
SUSAN ILLSTON
United States District Judge